UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE KYJEN COMPANY, LLC,

                Plaintiff,

-v.-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

                Defendants.

23 Civ. 612 (JHR)

---

JENNIFER H. REARDEN, District Judge:

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

The Court having considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Evanka Herbers and Anna Iskikian, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in **Schedule A** attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") bearing, using, or infringing upon Plaintiff's trademarks that are covered by Registration Nos. 3,281,982; 4,912,829; 2,709,593; 2,930,186; 3,278,965; 3,646,119; 4,514,817; 5,412,084; 5,428,383; 5,781,063; 5,781,065; or 6,301,802 (the "Outward Hound Trademarks"); or Plaintiff's designs that are covered by United States Design Patent Nos. US D699,009 S; US D705,999 S; US D706,000 S; US D706,494 S; US D706,495 S; or US D706,001 S (the "Outward Hound Patents") (collectively the "Outward Hound IP");

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(4) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiff is likely to prevail on its trademark infringement, patent infringement, false designation of origin, and unfair competition claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for *ex parte* relief is granted. For example:

   a. Defendants have offered for sale substandard and unauthorized Infringing Products bearing, using, or infringing on the Outward Hound IP through accounts with Amazon.com ("Amazon"), DHgate.com ("DHgate"), eBay.com ("eBay"), Walmart.com ("Walmart"), and Wish.com ("Wish") (the "Marketplace Platforms") held by Defendants (the "User Account(s)").

   b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing the Outward Hound IP (the "Outward Hound Products").

   c. Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the

>Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can Infringing advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the Outward Hound IP, if a temporary restraining order is not issued.

4. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the Outward Hound IP, and to protect the public from being deceived and defrauded by Defendants' passing off their Infringing Products as Plaintiff's Outward Hound Products.

5. Plaintiff's request, pursuant to Fed. R. Civ. P. 4(f)(3), for permission to serve Defendants located in China via email and online publication is denied at this time. At conference, Plaintiff's counsel argued that the Hague Convention is inapplicable, on the ground that the Convention does not apply where "the address of the person to be served is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). However, "[c]ourts in this Circuit have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co. v.*

*Acuteye-Us*, No. 21 Civ. 5860, 2022 WL 2872297, at *5 (S.D.N.Y. July 21, 2022) (citations omitted). Reasonable diligence requires more than a "mere perusal of a defendant's storefront." *Id*. at *6. A plaintiff must make further efforts, such as investigating likely physical addresses and determining whether they are associated with the defendants. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 Civ. 558, 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (dispatched investigator and local counsel to determine whether physical addresses were associated with defendants); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ.. 2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). Here, Plaintiff has baldly asserted that Defendants "often use multiple fictitious names and addresses," including addresses that are "incomplete, contain randomly typed letters, or fail to include cities or states." Herbers Decl., ¶ 20, ECF No. 13. That falls short of reasonable diligence. Accordingly, the Hague Convention does, in fact, apply.

6. Because the Hague Convention applies, alternative service may not contravene it. *See* Fed. R. Civ. P. 4(f)(3) (alternative service may not be "prohibited by international agreement"). China has objected to Hague Convention provisions allowing for service by postal channels, and guidance from the Supreme People's Court of China indicates that this objection extends to service by email. *See Smart Study*, 2022 WL 2872297, at *9. As for service by online publication, the Hague Convention is silent. Omission of a particular method of service from the Convention cannot be read to implicitly authorize that method. *Cf. id*. at *8 ("In other words, Articles 11 and 19 provide ready tools to permit countries to expressly permit service by email. And those articles would be largely superfluous if litigants could serve a party in another country

merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services."). Thus, service via email and online publication is "prohibited by international agreement [and] is impermissible under Rule 4(f)(3)." *Id*. at *7. If Plaintiff is able to establish reasonable diligence in investigating Defendants' physical locations such that the Hague Convention no longer applies, the Court will consider the propriety of service by email and online publication.

7. Plaintiff's request to obtain temporary control of the infringing online marketplace websites is denied. Such equitable relief is appropriate only when Defendants persist in conducting infringing activity in violation of a court order. *Philip Morris USA, Inc. v. Otamedia Ltd.*, 331 F. Supp. 2d 228, 246 (S.D.N.Y. 2004); *Gucci America, Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117 (S.D.N.Y. 2008). Moreover, Plaintiff cites no authority for the proposition that the Court may order the temporary transfer of a domain not owned by Defendants.

8. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. *See* Iskikian Decl., ¶¶ 9-10, ECF No. 9. By the same logic, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

1. As sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a. Using the Outward Hound Trademarks or the Outward Hound Patents or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products;

    b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Outward Hound Product that is not, in fact, Plaintiff's Outward Hound Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Outward Hound Trademarks and/or the Outward Hound Patents;

    c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. Further infringing the Outward Hound IP and damaging Plaintiff's goodwill;

    e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff,

nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the Outward Hound Trademarks or uses the designs embodied in the Outward Hound Patents or any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products; and

g. Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing any of the Outward Hound Trademarks and/or the Outward Hound Patents.

**Disabling of Defendant Internet Stores**

2. Within five (5) days of receipt of this Order, the Marketplace Platforms, any domain name registry providing service to any User Account, and any other online service provider hosting or servicing a User Account are directed to:

a. disable and cease providing services for any User Accounts through which Defendants engage in the sale of Infringing Products, including any User Accounts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

**Temporary Asset Restraint**

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt service of this Order, that (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba"), (v) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (vi) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vii) eBay, Inc. ("eBay"), (viii) Coinbase Global, Inc. ("Coinbase"), (ix) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (x) AllPay Limited ("AllPay"), (xi) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xii) World First UK Ltd. ("World First"), (xiii) Paxful, Inc. ("Paxful"), (xiv) USForex Inc. dba OFX ("OFX"), and (xv) other payment processing service providers (collectively referred to as the "Financial Institutions") shall (a) locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and (b) locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of

Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

## Expedited Discovery

4. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, including each of the Marketplace Platforms in their capacity as an online marketplace platform, as well as any domain name registrars, shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions', domain name registrars' and/or Marketplace Platforms' possession, custody, or control):

   a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known email addresses and mailing addresses), as well as account numbers and account balances.

   b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

   c. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Wish, PayPal, eBay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

**Service**

5. Service of this Order and the Summons and Complaint may be by any method of service expressly permitted under the Hague Convention, including service via the receiving country's central authority.

6. Service, as set forth above, shall be made within five (5) days of the Financial Institutions compliance with Paragraphs 3 through 6 of this Order.

7. The Clerk of the Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

**Security Bond**

8. Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

10. Schedule A to the Complaint (which shall also be attached to this Order as served, but shall be sealed until Defendants' Accounts and Defendants' Assets are restrained) and Exhibit 3 to the Declaration of Evanka Herbers shall remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

11. Plaintiff shall file unsealed versions of Schedule A to the Complaint and Exhibit 3 to the Declaration of Evanka Herbers using the CM/ECF system prior to the expiration of this Order.

**Application to Vacate or Dissolve**

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on February 13, 2023 at 11:30 a.m. which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before February 10, 2023, at 9:00 a.m.

This Temporary Restraining Order without notice is entered at 5:00 p.m. on January 31, 2023, and shall remain in effect for fourteen (14) days.

**IT IS FURTHER ORDERED** that Defendants are hereby given notice that failure to appear the show cause hearing scheduled above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

SO ORDERED.

Dated: January 31, 2023
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge