UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE KYJEN COMPANY, LLC,

                              Plaintiff,

            -v.-

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO THE
COMPLAINT,

                              Defendants.

23 Civ. 612 (JHR)

<u>MEMORANDUM OPINION AND
ORDER</u>

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiff's letter-motion dated February 23, 2023 (ECF No. 31),

requesting permission to serve Defendants via email and online publication.  For the reasons set

forth below, Plaintiff's application is GRANTED IN PART and DENIED IN PART WITHOUT

PREJUDICE.

## BACKGROUND

On January 24, 2023, Plaintiff filed an *ex parte* application for a temporary restraining

order and preliminary injunction, seeking to enjoin Defendants from the manufacture and sale of

certain alleged infringing products.  *See* ECF No. 7.  In conjunction with that application,

Plaintiff requested to serve 117 Defendants listed in Schedule A of the Complaint by email and

online publication.  In support, Plaintiff contended that, while it has "good cause" to believe that

Defendants are mainly located in China, Defendants' precise physical addresses were "not

known."  According to Plaintiff, that renders the Hague Convention on the Service Abroad of

Judicial and Extrajudicial Documents (the "Hague Convention"), to which China is a signatory,

inapplicable.

On January 31, 2023, the Court issued an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (ECF No. 23), in which it, *inter alia*, denied Plaintiff's request for alternative service as impermissible under the Hague Convention. However, the Court stated that it would reconsider the propriety of service by email and online publication if Plaintiff showed that the Hague Convention does not apply because Plaintiff could not identify physical addresses for service for each Defendant and had demonstrated "reasonable diligence" in attempting to do so.

On February 23, 2023, Plaintiff filed the instant letter-motion, renewing its request to serve the Defendants by email and online publication. The letter-motion describes Plaintiff's efforts to locate Defendants' physical addresses, which efforts Plaintiff argues constitute "reasonable diligence" sufficient to authorize service by electronic means.

On review of Plaintiff's papers,[1] the Court now finds that Plaintiff has made a showing of "reasonable diligence" with respect to forty-five of the eighty Defendants[2] listed in Schedule A. Accordingly, those forty-five Defendants may be served via electronic means of service. As for the other thirty-five Defendants, the Court finds that Plaintiff has not demonstrated "reasonable diligence," and thus service by email or online publication is impermissible at this time.

## LEGAL STANDARD

To determine the appropriate method of service of process, the Court looks to the rules governing service under Rule 4, and specifically to Rule 4(f) for service on foreign defendants.

---

[1] To date, no Defendant has appeared in this action. Thus, Plaintiff's request for electronic service is unopposed.

[2] Plaintiff had initially brought this action against a total of 117 Defendants, *see supra* at 1, but has since filed two Notices of Voluntary Dismissal (ECF Nos. 28 and 30) dismissing thirty-seven of those Defendants. As a result, eighty Defendants now remain in this case.

*See* Fed. R. Civ. P. 4(f) (providing for service on foreign defendants "by any internationally agreed means of service that is reasonably calculated to give notice").  Where, as here, the defendants in the action are believed to be located in China—a signatory to the Hague Convention—Rule 4(f) requires that the defendants be served pursuant to the Hague Convention, which has been interpreted to prohibit service by email and online publication on litigants located in China.  *See* Fed. R. Civ. P. 4(f); *see, e.g.*, ECF No. 31 at 5 ("service via email and online publication [on defendants located in China] is 'prohibited by international agreement [and] is impermissible under Rule 4(f)(3)'" (quoting *Smart Study Co. v. Acuteye-Us*, No. 1:21-CV-5860-GHW, 2022 WL 2872297, at *7 (S.D.N.Y. July 21, 2022))).

However, the Hague Convention does not apply—and, consequently, service by email and online publication is *not* prohibited on defendants located in China—where "the address of the person to be served with the document is not known to the party serving process."  *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017).  A person's address is not known if "the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so."  *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).  "[P]laintiffs have been found to have exercised reasonable diligence to discover a physical address . . . where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based searche[s], called known phone numbers, and conducted in-person visits[;] where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers[;] and where a plaintiff has attempted to obtain the defendant's

address in a variety of ways." *Smart Study*, 2022 WL 2872297, at *5 (cleaned up) (first
alterations added).

## DISCUSSION

For the reasons detailed below, the Court authorizes electronic service at this time for
some, but not all, of the eighty remaining Defendants in this action.

As an initial matter, Plaintiff represents that, based on the discovery it obtained from
Amazon and eBay in this matter, one of the eighty Defendants is domiciled in Kyrgyzstan, and
another one of the Defendants is domiciled in Thailand. *See* ECF No. 31-1 ¶ 12.  Neither
Kyrgyzstan nor Thailand is a signatory to the Hague Convention. *See Status Table: Hague
Convention*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing
contracting states to the Hague Convention).  Thus, service by electronic means is permitted for
the **two** Defendants respectively located in Kyrgyzstan and Thailand. *See, e.g.*, *Chanel, Inc. v.
Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 20-60519-CIV,
2020 WL 3272325, at *1 & n.1 (S.D. Fla. Apr. 9, 2020) (concluding that "service by e-mail and
web publication w[e]re not prohibited" on a defendant based in Kyrgyzstan, because
"Kyrgyzstan [is] not [a] signator[y] to the Hague Convention"); *see also, e.g.*, *adidas AG v.
Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19-
CV-61264-UU, 2019 WL 7841807, at *2 n.3 (S.D. Fla. May 23, 2019) ("Thailand . . . [is] not [a]
signator[y] to the Hague Convention. . . . Thus, there is no international agreement prohibiting
service by e-mail or posting on a designated website.").

Furthermore, Plaintiff represents that for the **eleven** Defendants operating on Chinese e-
commerce platform DHgate, DHgate has altogether failed to provide those Defendants' physical
addresses as part of its production, ECF No. 31 at 2, despite the express terms of the Court's

Order to Show Cause requiring it to produce that information, *see* ECF No. 23 at 9 (requiring that DHgate and certain other platforms provide expedited discovery to Plaintiff, including, *inter alia*, "[i]dentifying information for Defendants [operating on those platforms], including all available contact information"). Given that there is no other means to obtain the physical addresses of those eleven Defendants, they are deemed "not known." Accordingly, Plaintiff has satisfied the "reasonable diligence" standard, and electronic service of process on those Defendants is permitted. *See, e.g.*, *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Compl.*, No. 22-CV-9073 (JPO), 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022) (where certain online platforms "did not provide physical addresses for sixty-nine defendants as part of their production" in contravention of the court's order, and "there [wa]s no other means to obtain the physical addresses" for those defendants, "alternative service by email or online publication [w]as appropriate").

As for the remaining **sixty-seven** Defendants, Plaintiff represents that it "could not confirm that those Defendants could be reached at the addresses that they had provided to the Marketplace Platforms," "including because the addresses were inaccurate or because postal delivery did not reach the Defendants." ECF No. 31 at 2; *see* ECF No. 31-2 ("Hong Hu Declaration") ¶¶ 8-14. Plaintiff attests that it reached that determination by conducting online investigations of the addresses provided, engaging third-party individuals to conduct visits to those addresses, attempting postal deliveries, and calling phone numbers insofar as they were available. Hong Hu Decl. ¶¶ 8-14.

The Court's review of Plaintiff's papers reveals, in actuality, that **thirty-two**—not sixty-seven—of the Defendants could not be reached at the addresses provided, due to one or more of the following issues: the addresses provided were inaccurate or non-existent; access to the

5

specified address was restricted or too remote; the Defendant could not be contacted or located at the addresses provided; and/or postal delivery was not complete as of the date that local counsel completed its declaration.  Specifically, for **twenty-three** Defendants, the address was revealed to be inaccurate or altogether non-existent.  *See id.* ¶ 10 (detailing Plaintiff's investigation into the physical addresses for Defendants evicbeshop, jasgood18, Cwhjun_kk, Deborahllk, heronzt, kubi1993, Prague jewelry shop, taotaoshouji, zaturday, ZKchangjiang, Happy date, Lsgrael, Suuny Market, xuanchengxuanfangiyeguanliyouxiangongsi, SAJAR TRADING, Grocery Store, NEGOO STORE, Caluo E-commerce, foshanbomingnishangmaoyouxiangongsi, putianshichengxianggugirongmaoyiyouxiangongsi, hefeizaiheibaihuoyouxiangongsi, chengdujianghubianshang, and wenhangliyunhuishangmaoyouxiangongsi).  For another **four** Defendants, access to their purported addresses was restricted or the location was too remote. *See id.* ¶¶ 10, 11 (detailing Plaintiff's investigation into the physical addresses for Defendants Lovely TianTian, ZeLing991, MMKemisidiPuppyPet, and ShanXiFaZeKeJiYouXianGongSi). For **three** of the Defendants, postal delivery was not complete as of the date that local counsel completed its declaration in support of Plaintiff's application for alternative service.  *See id.* ¶ 12 (detailing Plaintiff's investigation into the physical addresses for Defendants Mozzarella, Waykada, and jiujianglinfudianzishangwuyouxiangongsi).  And **two** of the Defendants otherwise could not be contacted via an in-person visit (*e.g.*, no one answered the door) or via postal delivery at the address provided.  *See id.* ¶ 11 (detailing Plaintiff's investigation into the physical addresses for Defendants lusonghong1740 and nbmxtudtrr).  The Court holds that, "[b]ecause the potential for further mail delays is unknown, and it is unclear whether Plaintiff will be able to confirm the validity of these addresses within a reasonable time period, service by electronic means is permissible for" these **thirty-two** Defendants.  *See, e.g.*, *Kaws Inc.*, 2022 WL

17404520, at *1 (electronic service was warranted where plaintiff's investigation revealed that the addresses provided were "too remote to visit in person, access was restricted . . . , no one answered the door, or postal delivery was not complete as of the date that local counsel completed its declaration").

As for the other **thirty-five** Defendants, the Court denies alternative service at this time. In regards to **four** of those Defendants, Plaintiff's supporting declaration only indicates that an attempt was made to reach each of those Defendants by phone (attempts which were successful in all four cases, no less). *See* Hong Hu Decl. ¶ 14 (describing Plaintiff's investigation into the addresses for Defendants Eebuyyd, CHENGDUWEIYUEZHENYUSHANGMAOYOUXIANGONGSI, Shenzhen shi yang bao bao ke ji you xian gong si, and Mingbaoge). Those efforts are insufficient. Courts in this District have consistently held that multiple modes of attempted contact typically are required to satisfy the "reasonable diligence" standard. *See Smart Study*, 2022 WL 2872297, at *5 (observing that "[P]laintiffs have been found to have exercised reasonable diligence to discover a physical address that where . . . a plaintiff has attempted to obtain the defendant's address in a variety of ways"); *see also, e.g.*, *Advanced Access*, 2018 WL 4757939, at *4 ("find[ing] that Plaintff was reasonable diligent in its investigation into Defendants' physical addresses," where plaintiff not only "called known phone numbers," but also "researched the [] websites associated [with the relevant] Domain Names, completed multiple Internet-based searches, . . . *and* conducted in-person visits where reasonable"). Here, not only did Plaintiff succeed in reaching an individual at each of the phone numbers provided—thus suggesting that verification of Defendants' contact information might, in fact, be more feasible than in the typical case in which no one answers the phone—but also, Plaintiff fails to explain why additional methods of obtaining the Defendants'

contact information were not attempted, as contemplated by *Smart Study* and other authorities. This is all the more questionable here, where the supporting Declaration indicates that there are "confirmed [physical] addresses" for each of the four Defendants.  Theoretically, those addresses could be visited.  The Court therefore concludes, based on Plaintiff's papers, that it has fallen short of demonstrating reasonable diligence.  Alternative service as to these four Defendants is denied at this time.  To the extent that Plaintiff has, in fact, attempted to visit the physical addresses listed for these four Defendants, and/or has attempted to obtain Defendants' addresses in some other manner(s), it may make a supplemental submission detailing those efforts, at which point the Court will revisit the propriety of electronic service for these Defendants.

Finally, for the remaining **thirty-one** Defendants, the Plaintiff does not appear to have proffered any information at all regarding any efforts to locate their physical addresses.  Indeed, neither Plaintiff's letter-motion, nor either of the two accompanying attorney declarations, appear to even so much as reference any of these thirty-one Defendants by name.  *See* ECF Nos. 31, 31-1, 32-2 (devoid of any discussion regarding Defendants AMZJIANJIAN, Cinny, DLYshopping. fangfangxuan168, Feng hua gong ying lian, fuqiangzhang store, GANGBAO, GLINZDz, GOARD LODA, GYANF, HOME-STAR, Huayuan Supplies, Incyj, Jindawu-US, Jingbo, Juanking, lambo888, LAN-YAN, Likeets, Luohe Dichu Trading Co., Ltd., MaoTopCom, NZSMYXGS, RSiug Ltd., sensiya, shuangmai, Sxhlsellon, Threelin3, tongshengyao, World Proud, Wuiadef-US, and Elive UK Limited).  At bottom, Plaintiff has not come close to establishing that it exercised "reasonable diligence" in attempting to locate these thirty-one Defendants' addresses, and its request to serve them by electronic means is thus denied at this time.  To the extent that Plaintiff's papers already do individually detail its efforts to locate the Defendants' respective addresses (*e.g.*, perhaps the Defendant's name is spelled differently in

8

local counsel's declaration than in Schedule A), then Plaintiff is encouraged to make a supplemental submission to the Court clarifying any such ambiguity, so that the Court may consider anew the information that Plaintiff had intended to convey.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to serve Defendants by email and online publication is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

Plaintiff's application is GRANTED as to the following **forty-five** Defendants: SHOP&SHOW, 2bgreatshop, bianqueli, bulksell, emours, EWIN24 GROUP, galry, jspet1, lumber21, mixsmoking, Petrich, rubibegone, xianbeilo, evicbeshop, jasgood18, Cwhjun_kk, Deborahllk, heronzt, kubi1993, Prague jewelry shop, taotaoshouji, zaturday, ZKchangjiang, Happy date, Lsgrael, Suuny Market, xuanchengxuanfangiyeguanliyouxiangongsi, SAJAR TRADING, Grocery Store, NEGOO STORE, Caluo E-commerce, foshanbomingnishangmaoyouxiangongsi, putianshichengxianggugirongmaoyiyouxiangongsi, hefeizaiheibaihuoyouyouxiangongsi, chengdujianghubianshang, wenhangliyunhuishangmaoyouxiangongsi, Lovely TianTian, ZeLing991, MMKemisidiPuppyPet, ShanXiFaZeKeJiYouXianGongSi, Mozzarella, Waykada, jiujianglinfudianzishangwuyouxiangongsi, lusonghong1740, and nbmxtudtrr).  Plaintiff is directed to effectuate electronic service on these Defendants without delay.

Plaintiff's application is DENIED without prejudice, and the Hague Convention's service requirements control, as to the following **thirty-five** Defendants: Eebuyyd, CHENGDUWEIYUEZHENYUSHANGMAOYOUXIANGONGSI, Shenzhen shi yang bao bao ke ji you xian gong si, Mingbaoge, AMZJIANJIAN, Cinny, DLYshopping. fangfangxuan168, Feng hua gong ying lian, fuqiangzhang store, GANGBAO, GLINZDz, GOARD LODA,

GYANF, HOME-STAR, Huayuan Supplies, Incyj, Jindawu-US, Jingbo, Juanking, lambo888, LAN-YAN, Likeets, Luohe Dichu Trading Co., Ltd., MaoTopCom, NZSMYXGS, RSiug Ltd., sensiya, shuangmai, Sxhlsellon, Threelin3, tongshengyao, World Proud, Wuiadef-US, and Elive UK Limited).  By no later than **March 6, 2023 at 5:00 p.m.**, Plaintiff is permitted to make a supplemental submission to the Court providing the information as specified above, *see supra* at 8-9, at which point the Court will reconsider Plaintiff's request for alternative service.  For all Defendants as to whom Plaintiff does not intend to submit supplemental information, Plaintiff is directed to effect service without delay.

SO ORDERED.

Dated:  March 2, 2023
        New York, New York

JENNIFER H. REARDEN
United States District Judge