UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KYJEN COMPANY, LLC,<br><br>      Plaintiff,<br><br>      -v.-<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>      Defendants. | 23 Civ. 612 (JHR)<br><br>MEMORANDUM OPINION AND ORDER |

JENNIFER H. REARDEN, District Judge:

  Before the Court is Plaintiff's application to serve thirty Defendants via email and online publication. For the reasons set forth below, Plaintiff's application is GRANTED.

## BACKGROUND

  On January 24, 2023, Plaintiff filed the instant action against numerous entities alleged to have violated Plaintiff's trademarks, along with an *ex parte* application for a temporary restraining order and other interim relief. In conjunction with that application, Plaintiff requested to serve the Defendants identified in Schedule A of the Complaint via email and online publication, on the ground that their precise physical addresses could not be ascertained. The Court denied Plaintiff's request but stated that it would reconsider the propriety of electronic service upon a showing that Plaintiff had demonstrated "reasonable diligence" in identifying Defendants' physical addresses.

  On February 23, 2023, Plaintiff filed a motion renewing its request to serve the Defendants by email and online publication. In a March 2, 2023 Memorandum Opinion and Order, with which familiarity is presumed, the Court granted Plaintiff's motion in part, holding

that Plaintiff had demonstrated "reasonable diligence" in identifying the physical addresses of forty-five of the eighty Defendants. *See Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Compl.*, No. 23 CIV. 612 (JHR), 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023). The Court denied alternative service as to the other thirty-five Defendants, finding, in relevant part, that Plaintiff's motion did not even identify those Defendants by name, much less provide a detailed accounting of its efforts to locate those Defendants sufficient to establish reasonable diligence. *Id.* at *4. Based on Plaintiff's prior representations that Defendants regularly change their names or operate under multiple different names simultaneously, however, the Court recognized the possibility that there was a discrepancy between the names of certain Defendants identified in Plaintiff's motion and the names of the Defendants identified in Schedule A. Accordingly, the Court permitted Plaintiff to make a supplemental submission to the Court clarifying any such discrepancies. *Id.*

Pursuant to that Order, on March 6, 2023, Plaintiff submitted a letter to the Court regarding the Defendants in question. ECF Nos. 36-37. The Court has reviewed that letter and, finding that it clarifies the earlier discrepancies, is now equipped to consider anew Plaintiff's request for electronic service with respect to the remaining thirty Defendants.[1] It is that request to which the Court now turns.

## DISCUSSION

To determine the appropriate method of service of process, the Court looks to the rules governing service under Rule 4, and specifically to Rule 4(f) for service on foreign defendants.

---

[1] As stated above, the Court's Memorandum Opinion and Order denied Plaintiff's motion with respect to thirty-five Defendants. In the time since that decision was issued, Plaintiff has filed three Notices of Voluntary Dismissal dismissing, *inter alia*, five of those Defendants. ECF Nos. 34, 35. As a result, thirty Defendants now remain in this case.

*See* Fed. R. Civ. P. 4(f) (providing for service on foreign defendants "by any internationally agreed means of service that is reasonably calculated to give notice"). Where, as here, the defendants in the action are believed to be located in China—a signatory to the Hague Convention—Rule 4(f) of the Federal Rules of Civil Procedure requires that the defendants be served pursuant to the Hague Convention, which has been interpreted to prohibit service by email and online publication on litigants located in China. *See* Fed. R. Civ. P. 4(f); *see, e.g.*, ECF No. 31 at 5 ("service via email and online publication [on defendants located in China] is 'prohibited by international agreement [and] is impermissible under Rule 4(f)(3)'" (quoting *Smart Study Co. v. Acuteye-Us*, No. 1:21-CV-5860-GHW, 2022 WL 2872297, at *7 (S.D.N.Y. July 21, 2022))).

However, the Hague Convention does not apply—and, consequently, service by email and online publication is *not* prohibited on defendants located in China—where "the address of the person to be served with the document is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). A person's address is not known if "the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018).

The Court concludes that, as to the remaining thirty Defendants, Plaintiff has met this standard. Plaintiff represents that it "could not confirm that those Defendants could be reached at the addresses that they had provided to the Marketplace Platforms," "including because the addresses were inaccurate or because postal delivery did not reach the Defendants." ECF No. 31 at 2; *see* ECF No. 31-2 ("Hong Hu Declaration") ¶¶ 8-14. Plaintiff attests that it reached that

determination by conducting online investigations of the addresses provided, engaging third-party individuals to conduct visits to those addresses, attempting postal deliveries, and calling phone numbers insofar as they were available. Hong Hu Decl. ¶¶ 8-14. As detailed below, those efforts constitute reasonable diligence. *See, e.g.*, *Advanced Access*, 2018 WL 4757939, at *4 (finding that plaintiff had exercised reasonable diligence where it had "researched [defendant's] websites associated with [defendant's] [d]omain [n]ames, completed multiple Internet-based searched, called known phone numbers, and conducted in-person visits"); *accord Smart Study*, 2022 WL 2872297, at *5.

Specifically, for eleven Defendants, the address was revealed to be inaccurate or altogether non-existent. *See id.* ¶ 10 (detailing Plaintiff's investigation into the physical addresses for Defendants DLYshopping, fuqiangzhang store, GLINZDz, Jindawu-US, Jingbo, lambo888, LAN-YAN, MaoTopCom, NZSMYXGS, World Proud, and Wuiadef-US). For another four Defendants, access to their purported addresses was restricted or the location was deemed "too remote." *See id.* ¶¶ 10, 11 (detailing Plaintiff's investigation into the physical addresses for Defendants Cinny, Incyj, Juanking, and Sxhlsellon). For seven of the Defendants, postal delivery was not complete as of the date that local counsel completed its declaration in support of Plaintiff's application for alternative service. *See id.* ¶ 12 (detailing Plaintiff's investigation into the physical addresses for Defendants AMZJIANJIAN, GANGBAO, GYANF, HOME-STAR, Likeets, Threelin3, and tongshengyao). And eight of the Defendants otherwise could not be contacted via an in-person visit (*e.g.*, no one answered the door) or via postal delivery at the address provided. *See id.* ¶ 11 (detailing Plaintiff's investigation into the physical addresses for Defendants fangfangxuan168, Feng hua gong ying lian, GOARD LODA, Huayuan Supplies, Luohe Dichu Trading Co., Ltd., RSiug Ltd., sensiya, and shuangmai).

Because "the potential for further mail delays is unknown, and it is unclear whether Plaintiff will be able to confirm the validity of these addresses within a reasonable time period, service by electronic means is permissible for" these thirty Defendants.  *See, e.g.*, *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Compl.*, No. 22-CV-9073 (JPO), 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022) (electronic service was warranted where plaintiff's investigation revealed that the addresses provided were "too remote to visit in person, access was restricted . . . , no one answered the door, or postal delivery was not complete as of the date that local counsel completed its declaration").

## CONCLUSION

Plaintiff's application to serve the thirty remaining Defendants by email and online publication is GRANTED.  Plaintiff is directed to effectuate electronic service on these Defendants without delay.

SO ORDERED.

Dated: March 7, 2023
New York, New York

*[signature]*
JENNIFER H. REARDEN
United States District Judge