## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KYJEN COMPANY, LLC,        ) | |
|           ) | |
|        Plaintiff,        ) | |
|           ) | |
|       v.            ) | |
|           ) | |
| THE INDIVIDUALS, CORPORATIONS,    ) | Case No. 23-cv-00612 |
| LIMITED LIABILITY COMPANIES,       ) | |
| PARTNERSHIPS, AND UNINCORPORATED   ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE ) | |
| A TO THE COMPLAINT,          ) | |
|           ) | |
|        Defendants.       ) | |
|           ) | |

## ~~[PROPOSED]~~ CONSENT JUDGMENT

This action having been commenced by Plaintiff THE KYJEN COMPANY, LLC ("Plaintiff") against Defendant No. 88 Grocery Store ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant because the Defendant directly targets its business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendant is reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products incorporating Plaintiff's federally registered trademarks, U.S. Trademark Registration Nos. 2,930,186 and 4,514,817 (the "Outward Hound tTrademarks").

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and unfair competition under New York common law.

IT IS HEREBY ORDERED that:

1.      Defendant, ~~their~~ its officers, agents, servants, employees, attorneys, and all persons acting  for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

a.      using Plaintiff's Outward Hound Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Outward Hound Product or not authorized by Plaintiff to be sold in connection with Plaintiff's Outward Hound Trademarks;

b.      passing off, inducing, or enabling others to sell or pass off any product as  a  genuine Outward Hound Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Outward Hound Trademarks;

c.      committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.      further infringing Plaintiff's Outward Hound Trademarks and damaging Plaintiff's goodwill;

e.      manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or  offered  for  sale,  and  which  bear  any  of  Plaintiff's  Outward  Hound  Trademarks  or  any reproductions, counterfeit copies, or colorable imitations thereof.

2.      The parties have agreed to a damages amount to be paid by Defendant in order

to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in their Walmart.com ("Walmart") accounts.

3.    Walmart is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4.    Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 23].

5.    This case is dismissed as to Defendant with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6.    Each party shall bear its own attorney's fees and costs.

The Clerk of Court is directed to terminate the motion at ECF No. 49 and to terminate Defendant Grocery Store from this action.

SO ORDERED.

~~DONE AND ORDERED~~ in New York, Signed this 6th day of   April  , 2023, at  1:23   ~~a.m./~~p.m., New York, NY.

_____

**HONORABLE JENNIFER H. REARDEN**
**UNITED STATES DISTRICT JUDGE**