UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KYJEN COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: 1:23-cv-00612-JHR |

**~~PROPOSED~~ DEFAULT JUDGMENT**

THIS CASE having been commenced by Plaintiff THE KYJEN COMPANY, LLC against the Defendants identified on the Fourth Amended Schedule A (collectively, the "Defaulting Defendants") and using at least the domain names identified in the Fourth Amended Schedule A (the "Defaulting Defendant Domain Names") and the online marketplace accounts identified in the Fourth Amended Schedule A (the "Defaulting Online Marketplace Accounts"), and Plaintiff having moved for entry of Default and Default Judgment against the Defaulting Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants that included a domain name transfer order and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

1

pendency of the action and affording them the opportunity to answer and present their objections~~;~~, ~~and~~ for the reasons set forth in the Court's decisions issued on March 2 and March 7, 2023 (ECF Nos. 33 and 38); and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District.  Specifically, Defaulting Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products utilizing trademarks covered by U.S. Trademark Registration Nos. 3,281,982; 4,912,829; 2,709,593; 2,930,186; 3,278,965; 3,646,119; 4,514,817; 5,412,084; 5,428,383; 5,781,063; 5,781,065; or 6,301,802 (the "Outward Hound Trademarks"); and/or designs that are covered by United States Design Patent Nos. US D699,009 S; US D705,999 S; US D706,000 S; US D706,494 S; US D706,495 S; or US D706,001 S (the "Outward Hound Patents");

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful trademark infringement (15 U.S.C. § 1117) and/or willful design patent infringement (35 U.S.C. § 289).

IT IS HEREBY ORDERED that ~~Plaintiff Order to Show Cause Why Default Should Be Entered is GRANTED in its entirety, that~~ Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants. Damages will be determined at an inquest by the designated Magistrate Judge.  A referral has issued under separate Order.  *See* ECF No. 83.

Accordingly, this Court ORDERS that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using Plaintiff' Outward Hound Trademarks and Outward Hound Patents, or any reproductions, counterfeit copies, or colorable

    imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Outward Hound product or not authorized by Plaintiff to be sold in connection with Plaintiff' Outward Hound Trademarks and Outward Hound Patents;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Outward Hound product or any other product produced by Plaintiff, that is not Plaintiff' or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff' Outward Hound Trademarks and Outward Hound Patents;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff' Outward Hound Trademarks and Outward Hound Patents and damaging Plaintiff' goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff' Plaintiff' Outward Hound Trademarks and Outward Hound Patents or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant

                    Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit Outward Hound products; and

      h.    operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's Outward Hound Trademarks and Outward Hound Patents or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine Outward Hound product or not authorized by Plaintiff to be sold in connection with Plaintiff's Outward Hound Trademarks and Outward Hound Patents.

2.    The domain name registries for the Defaulting Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiff's choosing:

      a.    unlock and change the registrar of record for the Defaulting Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defaulting Defendant Domain Names to a registrar of Plaintiff's selection until further ordered by this Court; or

      b.    disable the Defaulting Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

3.    Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, DHgate, eBay, Walmart, and Wish (the

"Online Marketplace Platforms"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defaulting Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.    disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the Outward Hound Trademarks and Outward Hound Patents, including any accounts associated with the Defaulting Defendants listed on the Fourth Amended Schedule A;

    b.    disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Outward Hound Trademarks and Outward Hound Patents; and

    c.    take all steps necessary to prevent links to the Defaulting Defendant Domain Names identified on the Fourth Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defaulting Defendant Domain Names from any search index.

4.    Those in privity with Defaulting Defendants and with actual notice of this Order, including third party platforms (i) Contextlogic, Inc. ("Wish"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (v) Ping Pong Global Solutions, Inc. ("Ping Pong"), (vi) eBay, Inc. ("eBay"), (vii) Coinbase Global, Inc. ("Coinbase"), (viii) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (ix) AllPay Limited ("AllPay"), (x) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xi) World First UK Ltd. ("World First"), (xii) Paxful, Inc. ("Paxful"), (xiii) USForex Inc. dba OFX ("OFX"), and (xiv) other payment processing service providers (collectively referred to as the "Financial Institutions") shall within two (2) business days search

and provide resulting discovery for Defaulting Defendant Accounts based on identifying information provided by Plaintiff's counsel, including but not limited to, account IDs, legal names, and associated email addresses.

5. PayPal, Inc. ("PayPal") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. ContextLogic, Inc. ("Wish") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts, or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

7. Amazon.com Inc. ("Amazon") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

8. eBay Inc. ("eBay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

9. DHgate and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants'

websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

10. Payoneer and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

11. Ping Pong Global Solutions, Inc. ("Ping Pong) and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

12. LianLian Global t/as LL Pay U.S., LLC ("LianLian") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

13. AllPay Limited ("AllPay") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

14. Coinbase Global, Inc. ("Coinbase") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

15. Walmart.com ("Walmart") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

16. Union Mobile Financial Technology Co. Ltd. ("Union Mobile") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

17. USForex Inc. dba OFX ("OFX") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

18. World First UK Ltd. ("World First") and its related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in the Fourth Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

19. ~~Pursuant to 17 U.S.C. § 504 and/or 35 U.S.C. § 284 Plaintiff are awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) for each Defaulting Defendant where trademark infringement is alleged or the profits realized by each Defaulting Defendant where design patent infringement is alleged as set forth in the Fourth Amended Schedule A attached hereto.~~

20. ~~All monies currently restrained in each Defaulting Defendant's financial accounts, up to the above-awarded amount of damages, including monies held by the Financial Institutions and/or Marketplace Platforms are hereby released to Plaintiff as partial payment of the above-awarded damages against such Defaulting Defendant, and the Financial Institutions and the Online Marketplace Platforms are ordered to release to Plaintiff the amounts from Defaulting Defendants' accounts within ten (10) business days of receipt of this Order.~~

21. ~~Until Plaintiff have recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on the Financial Institutions and the Online Marketplace Platforms in the event that any new accounts controlled or operated by such Defaulting Defendant are identified. Upon receipt of this Order, with respect to any such Defaulting Defendant, the Financial Institutions and the Online Marketplace Platforms shall within two (2) business days:~~

   a. ~~Locate all accounts and funds connected to that Defaulting Defendant, that Defaulting Defendant's Online Marketplace Accounts, or that Defaulting Defendant's websites, including, but not limited to, any accounts;~~

   b. ~~Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of that Defaulting Defendant's assets; and~~

   c. ~~Release all monies restrained in that Defaulting Defendant's accounts to Plaintiff as partial payment of the above-identified damages awarded against that Defaulting Defendant within ten (10) business days of receipt of this Order.~~

22. ~~Until Plaintiff have recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by such Defaulting Defendant~~

~~are identified. Upon receipt of this Order, with respect to any such Defaulting Defendant, the Financial Service Providers shall within two (2) business days:~~

~~a.~~ ~~Locate all accounts and funds connected to that Defaulting Defendant, that Defaulting Defendant's Online Marketplace Accounts, or that Defaulting Defendant's websites, including, but not limited to, any accounts;~~

~~b.~~ ~~Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of that Defaulting Defendant's assets; and~~

~~c.~~ ~~Release all monies restrained in that Defaulting Defendant's accounts to Plaintiff as partial payment of the above-identified damages awarded against that Defaulting Defendant within ten (10) business days of receipt of this Order.~~

~~23.~~ ~~In the event that Plaintiff identify any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by email at the email addresses identified by Plaintiff and any email addresses provided for Defaulting Defendants by third parties.~~

24.  The five thousand-dollar ($5,000) bond posted by Plaintiff, including any interest minus the registry fee, will be released to Plaintiff or their counsel upon notice to the Court that all non-defaulting defendants have been dismissed from the case. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Plaintiff or its counsel once such notice is provided.

Dated: May 22, 2023  
  New York, NY

_____  
Honorable Jennifer H. Rearden  
United States District Judge

**FOURTH AMENDED SCHEDULE A**

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| | | | |
| 2. | AMZJIANJIAN[*] | https://www.amazon.com/sp?seller=A1KMKMHKD0R8Z1 | $150,000.00 |
| | | | |
| 8. | DLYshopping[*] | https://www.amazon.com/sp?seller=A28PWFP6XSGN43 | $150,000.00 |
| 9. | fangfangxuan168[*] | https://www.amazon.com/sp?seller=A2HX8Z2KGFUNHQ | $150,000.00 |
| | | | |
| 11. | fuqiangzhang store[*] | https://www.amazon.com/sp?seller=A2D03DWG6DS149 | $150,000.00 |
| | | | |
| 13. | GLINZDz[*] | https://www.amazon.com/sp?seller=A25MQB1V34KZBL | $150,000.00 |
| | | | |
| 15. | GYANF[*] | https://www.amazon.com/sp?seller=ACVSOSNM5AS9B | $150,000.00 |
| | | | |
| 17. | Huayuan Supplies[*] | https://www.amazon.com/sp?seller=A2BH9TV7VG30DT | $150,000.00 |
| 18. | Incyj[*] | https://www.amazon.com/sp?seller=A7HW74J3P7G7L | $150,000.00 |
| | | | |

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| 20. | Jingbo[*] | https://www.amazon.com/sp?seller=AKRZ9YAQUQ60J | $150,000.00 |
| 21. | jiujianglinfudianzishangwuyouxiangongsi[*] | https://www.amazon.com/sp?seller=A3IYODT7MGFS4L | $150,000.00 |
| 22. | Juanking[*] | https://www.amazon.com/sp?seller=A1T0K56WD0Q35 | $150,000.00 |
| 23. | lambo888[*] | https://www.amazon.com/sp?seller=A1T0BEG6BG18XO | $150,000.00 |
| 24. | LAN-YAN[*] | https://www.amazon.com/sp?seller=A14H2H8DVO0XOM | $150,000.00 |
| 26. | Luohe Dichu Trading Co., Ltd. [*] | https://www.amazon.com/sp?ie=UTF8&seller=A3BXKQQFPV4ETH&asin=B092J9WPRC&ref_=dp_merchant_link#:~:text=Submit-,Luohe%20Dichu%20Trading%20Co.%2C%20Ltd.,-Visit%20the%20storefront | $150,000.00 |
| 28. | NZSMYXGS[*] | https://www.amazon.com/sp?seller=A1OEXF7FQ4D9LT | $150,000.00 |
| 31. | RSiug Ltd.[*] | https://www.amazon.com/sp?seller=A32LBCWGCCQIT | $150,000.00 |
| 38. | tongshengyao[*] | https://www.amazon.com/sp?seller=AN1KO8263KGQ0 | $150,000.00 |

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| 39. | wenhangliyunhuishangmaoyouxiangongsi888[*] | https://www.amazon.com/sp?seller=AYH154SDTU3ZC | $150,000.00 |
| [redacted] | | | |
| 49. | jspet1[*] | https://www.dhgate.com/store/about-us/21703209.html | $150,000.00 |
| 50. | lumber21[*] | https://www.dhgate.com/store/about-us/21634690.html | $150,000.00 |
| [redacted] | | | |
| 52. | petrich[*] | https://www.dhgate.com/store/about-us/21014324.html | $150,000.00 |
| 53. | rubibegone[*] | https://www.dhgate.com/store/about-us/21628308.html | $150,000.00 |
| [redacted] | | | |

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| [redacted] | | | |
| 65. | jasgood18[*] | https://www.ebay.com/usr/jasgood18 | $150,000.00 |
| [redacted] | | | |
| 82. | Caluo E-commerce[*] | https://www.walmart.com/reviews/seller/101266581 | $150,000.00 |
| 83. | chengdujianghubianshang[*] | https://www.walmart.com/reviews/seller/101295926 | $150,000.00 |
| [redacted] | | | |
| 87. | Happy date | https://www.walmart.com/reviews/seller/101043410 | $2,611.44 |
| [redacted] | | | |
| 89. | hefeizaiheibaihuoyouxiangongsi[*] | https://www.walmart.com/reviews/seller/101294914 | $150,000.00 |
| [redacted] | | | |

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| 91. | Lsgrael[*] | https://www.walmart.com/reviews/seller/101198093 | $150,000.00 |
| 93. | NEGOO STORE[*] | https://www.walmart.com/reviews/seller/101264045 | $150,000.00 |
| 94. | putianshichengxiangquqirongmaoyiyouxiangongsi[*] | https://www.walmart.com/reviews/seller/101288091 | $150,000.00 |
| 95. | SAJAR TRADING[*] | https://www.walmart.com/reviews/seller/101259895 | $150,000.00 |
| 96. | ShanXiFaZeKeJiYouXianGongSi[*] | https://www.walmart.com/reviews/seller/101289718 | $150,000.00 |
| 99. | Waykada[*] | https://www.walmart.com/reviews/seller/101191347 | $150,000.00 |
| 100. | xuanchengxuanfanqiyeguanliyouxiangongsi[*] | https://www.walmart.com/reviews/seller/101257512 | $150,000.00 |
| 102. | Cwhjun_kk | https://www.wish.com/merchant/58896a40e5c8a54e084440d4 | $250.00 |
| 104. | Deborahllk[*] | https://www.wish.com/merchant/5e8593ca691d1b2c0bd6821a | $150,000.00 |
| 108. | Lovely TianTian | https://www.wish.com/merchant/5b51b24b6f892b484fa7cb87 | $250.00 |
| 109. | lusonghong1740 | https://www.wish.com/merchant/6111f524e2a3d0121e044b37 | $250.00 |

15

| Doe No. | Defendant Seller | Defendant Online Marketplace | Default Award |
|---|---|---|---|
| | ████ | ████ | ████ |
| 113. | Prague jewelry shop | https://www.wish.com/merchant/57eb88acb55b6022dff3627d | $250.00 |
| 114. | taotaoshouji | https://www.wish.com/merchant/58a7be02370a2b505888c29b | $250.00 |
| | ████ | ████ | ████ |
| 116. | ZeLing991[*] | https://www.wish.com/merchant/5b1a2fa2daac452223731b58 | $150,000.00 |
| | ████ | ████ | ████ |